IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TORIANO A. GIDDENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 14-570-GMS |
| | ) |
| EXPERIAN INFORMATION SOLUTIONS, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

**I.  INTRODUCTION**

The *pro se* plaintiff Toriano A. Giddens ("Giddens") filed this action on April 8, 2014, (D.I. 1, Ex. A), alleging that defendant Experian Information Solutions, Inc. ("Experian") violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") and defamed Giddens by inaccurately reporting accounts included in his credit report and failing to investigate disputes brought by Giddens.  Before the court is a motion for summary judgment filed by Experian, (D.I. 22, 23), Giddens' brief in opposition, (D.I. 28), and Experian's response. (D.I. 29).  For the reasons that follow, the court will grant the motion for summary judgment.

**II. FACTUAL AND PROCEDURAL BACKGROUND**

Giddens asserts that Experian refused to investigate when he disputed his account records in violation of 15 U.S.C. § 1681i(a), the FCRA provision which mandates that credit reporting agencies reasonably reinvestigate consumer disputes.  Specifically, Giddens alleges that Experian falsely reported five accounts included in his Chapter 13 bankruptcy as past due. (D.I.

1

1, Ex. A at 6-7). Giddens asserts that Experian's failure to properly reinvestigate hurt his credit score, decreased his chances of getting a mortgage loan, and caused him emotional distress, pain and suffering. (D.I. 1, Ex. A at 7-8.)

On May 22, 2014, prior to the court's entry of a scheduling order and any party conference pursuant to Federal Rule of Civil Procedure 26(f), Giddens emailed his First Set of Requests for Admissions to Experian. (D.I. 11.) Experian objected to Giddens' requests as premature. (D.I. 12.) The court entered a scheduling order on October 3, 2014 setting April 3, 2015 as the discovery deadline and June 3, 2015 as the deadline to file summary judgment motions. (D.I. 14.) On February 20, 2015, Experian served Giddens with its First Set of Requests for Admission, (D.I. 18), First Set of Interrogatories, (D.I. 19), and First Requests for Production. (D.I. 20). Experian's requests for admission asked Giddens to admit that Experian performed a reasonable investigation, that Experian followed reasonable procedures, and that Giddens was not defamed. (D.I. 18.) Giddens failed to respond or object to any of Experian's discovery requests or to conduct his own discovery during the relevant time frame.

On June 3, 2015 Experian filed this pending motion for summary judgment. On July 22, the court ordered Giddens to respond. (D.I. 27). At that time, Giddens had not responded to the motion for summary judgment or made any attempt to litigate this case since May 2014. Giddens eventually responded in opposition on August 5, 2015. (D.I. 28).

**II.     Legal Standard**

Summary judgment is appropriate when "there is no genuine issue of material fact." Fed. R. Civ. P. 56(c). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Wishkin v. Potter,* 476 F.3d 180, 184 (3d Cir. 2007). However, a party opposing summary judgment "must present more than just

2

'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. United States Postal Serv.,* 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986)). If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may consider those facts undisputed for the purpose of the summary judgment. *See* Fed. R. Civ. P. 56(e).

### III. Discussion

Experian argues that it is entitled to the entry of summary judgment against Giddens on each of its claims because he has failed to adduce facts that might prove the elements of his various claims during the discovery period. In addition, Experian contends that Giddens' failure to comply with the requirements of Rule 56 of the Federal Rules of Civil Procedure results in his admission of facts that bar each of his claims as a matter of law. The court will address each of Giddens' claims and the impact of his failure to comply with the Federal Rules of Civil Procedure in turn.

#### A. Failure to Engage in Discovery

Experian seeks summary judgment on the basis that by not responding or objecting to Experian's discovery request, Giddens failed to dispute key issues. Experian notes that Giddens failed to serve any timely discovery requests on Experian, depose any Experian witness, or make initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) in order to establish the essential facts in his case. (D.I. 23 at 4-5.) Giddens responds that the requested evidence was either already provided in the initial complaint or the requests were overbroad and unduly burdensome. (D.I. 28 at 4.) This response is inadequate. Federal Rule of Civil Procedure 36(a)(3) provides that a "matter is admitted unless, within 30 days after being served, the party to

3

whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Because Giddens failed to respond to Experian's proper discovery request or otherwise engage the discovery process, the court deems admitted the matters addressed in Experian's request for admissions. These admissions result in a legal bar to Giddens' ability to prove the essential elements of his case. Thus, the defendant is entitled to summary judgment in its favor. *See Wright v. Equifax, Inc.*, 2015 WL 789271, at \*4-\*5 (2015) (granting a motion for summary judgment against the plaintiff where he brought FCRA claims under nearly identical circumstances).

**B. Reasonable Reinvestigation**

Giddens claims that Experian failed to conduct a reasonable reinvestigation. (D.I. 28 at 5). Experian responds that it accurately reported Giddens' accounts included in his Chapter 13 plan. (D.I. 23 at 7). Under the FCRA, in order for Giddens to establish that a reinvestigation was unreasonable, he must show that: (1) his credit file contained inaccurate information; (2) he notified Experian directly of the inaccurate information; (3) his dispute was not frivolous; (4) Experian failed to respond to his dispute; and (5) Experian's failure to respond caused Giddens to suffer actual damages. *See* 15 U.S.C. § 1681i(a)(1), (2), (4), (6). *See generally Cushman v. Trans Union Corp.*, 115 F.3d 220 (3d Cir. 1997). Here, Giddens cannot show that a genuine issue of material fact exists as to any element of his reasonable reinvestigation claim because he has not conducted discovery. While he asserts that his Chapter 13 accounts were not up to date, he fails to present evidence that the data was not accurate. Therefore, he cannot meet his burden and the defendants are entitled to summary judgment on this claim.

4

## C. Reasonable Procedures

Giddens' complaint also sugggests a claim under 15 U.S.C. § 1681e(b), which addresses dissemination of inaccurate reports. (D.I. 28 at 5). Experian responds that Giddens failed to conduct any discovery into Experian's procedures. (D.I. 23 at 9). In order to succeed on a § 1681e(b) claim, Giddens must establish each of the following four elements: (1) inaccurate information was included in his credit report; (2) the inaccuracy was due to Experian's failure to follow reasonable procedures to assure maximum possible accuracy; (3) he suffered an injury; and (4) his injury was caused by the inclusion of the inaccurate entry. *Cortez v. Trans Union, LLC,* 617 F.3d 688, 708 (3d Cir. 2010). Because Giddens has not engaged in discovery, he cannot establish any of the essential facts of his claim. Therefore, Experian is entitled to summary judgment.

## D. Defamation

Giddens also claims that he was defamed by Experian inaccurately reporting his account information. (D.I. 28 at 5). Experian responds that the information was accurate and was not published to any third party. (D.I. 23 at 10). To prove defamation under Delaware law, a plaintiff must establish: (1) the existence of a defamatory communication; (2) that the communication was published to a third party; (3) that the communication refers to plaintiff; (4) that the communication is defamatory in character; and (5) injury. *Calloway v. Green Tree Servicing,* 607 F. Supp. 2d 669, 675 (2009). Giddens has failed to engage in discovery into his defamation claim in order to establish any of these essential facts. Therefore, no reasonable jury could find in favor of his claim for defamation.

5

## IV. Conclusion

For the above reasons, the court will grant Experian's motion for summary judgment. (D.I. 22.)

Dated: November __, 2015

_____
UNITED STATES DISTRICT COURT